UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY BUCHANAN,
             Plaintiff,

v.

PCC AIRFOILS, LLC,
             Defendant.

CIVIL ACTION
NO. 1:20-cv-04108-TCB-CCB

## DEFENDANT PCC AIRFOILS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant PCC Airfoils, LLC ("Defendant") answers Plaintiff's Complaint for Damages "Complaint" as follows:

### JURISDICTION AND VENUE

1.  Defendant admits that Plaintiff invokes the court's "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and further admits that Plaintiff purports to bring a claim under the Family and Medical Leave Act ("FMLA"). 42 U.S.C. §2000e, *et seq*. Defendant denies that Plaintiff is entitled to any recovery under the FMLA and denies any remaining allegations contained in Paragraph 1.

2.  Defendant denies Paragraph 2. Specifically, Defendant denies any and all unlawful employment practices. Further, Defendant has not engaged in any employment practices in this district whatsoever. Plaintiff was employed by Defendant in Douglas, Georgia and the employment practices complained of took

place in Douglas, Georgia. Thus, Plaintiff's lawsuit is improperly filed in the Northern District of Georgia. Accordingly, Defendant is simultaneously filing a Motion to Transfer to the Southern District of Georgia, Waycross Division.

## PARTIES

3. Defendant admits Paragraph 3.

4. Defendant denies Paragraph 4.

5. Defendant denies Paragraph 5.

## FACTUAL ALLEGATIONS

6. Defendant admits that it is covered by the FMLA. Defendant further admits that it employed Plaintiff. Defendant denies all wrongdoing and any remaining allegations in Paragraph 6.

7. Defendant admits Paragraph 7.

8. Defendant lacks knowledge and information sufficient to admit or deny Paragraph 8 and therefore denies same.

9. Defendant admits that Plaintiff could not perform the essential functions of his position unless he was able to wear protective footwear. Defendant denies all remaining allegations in Paragraph 9.

10. Defendant denies Paragraph 10.

11. Defendant denies Paragraph 11.

12. Defendant denies Paragraph 12.

13. Defendant denies Paragraph 13.

14. Defendant denies Paragraph 14.

15. Defendant admits Paragraph 15.

16. Defendant denies Paragraph 16.

17. Defendant denies Paragraph 17.

18. Defendant denies Paragraph 18.

19. Defendant denies Paragraph 19.

20. Defendant denies Paragraph 20.

21. Defendant denies Paragraph 21.

22. Defendant denies Paragraph 22.

23. Defendant denies Paragraph 23.

24. Defendant admits Paragraph 24.

## CLAIMS FOR RELIEF

### VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
### COUNTS I & II (FMLA INTERFERENCE AND RETALIATION)

25. Defendant incorporates by reference all of the preceding paragraphs as if fully set forth herein.

26. Defendant denies Paragraph 26.

27. Defendant denies Paragraph 27.

28. Defendant denies Paragraph 28.

29. Defendant denies Paragraph 29.

30. Defendant denies Paragraph 30.

31. Defendant denies Paragraph 31.

32. Defendant denies Paragraph 32.

33. Defendant denies Paragraph 33.

## PRAYER FOR RELIEF

To the extent that the Paragraph beginning with WHEREFORE requires a response, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

## DEFENSES

Without assuming any burden of proof that would otherwise rest with the Plaintiff, Defendant states the following defenses:

## FIRST DEFENSE

Plaintiff's claims are barred to the extent that he fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of the claims asserted in the Complaint are barred by the equitable doctrines of laches, estoppel, ratification, and/or unclean hands.

## THIRD DEFENSE

Plaintiff's claims are not actionable, because all actions taken by Defendant regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, and non-pretextual business reasons, and they are not the result of any intention or purpose, past or present, to discriminate on any basis.

## FOURTH DEFENSE

Plaintiff's recovery, if any, must be barred, set off, or reduced by any amounts of money he earned or received in lieu of earnings since his employment ended.

## FIFTH DEFENSE

Some or all of Plaintiff's claims are barred or reduced by his failure to exercise reasonable diligence to mitigate his alleged damages.

## SIXTH DEFENSE

Plaintiff's recovery, if any, must be barred, set off, or reduced to account for the periods in which he was unable to work.

## SEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of after acquired evidence to the extent that Defendant learns, through discovery or otherwise, of acts by Plaintiff that would have resulted in the termination of his employment.

## EIGHTH DEFENSE

Some or all of the damages and relief sought by Plaintiff are, in whole or in part, not legally authorized.

## NINTH DEFENSE

Plaintiff may not recover the damages requested in his Complaint to the extent that the facts alleged in support of those claims fail to satisfy the applicable legal standards.

## TENTH DEFENSE

Plaintiff is not an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2) and 20 C.F.R. § 825.110.

## ELEVENTH DEFENSE

Plaintiff was not entitled to job restoration rights because his employment would have been terminated regardless of FMLA status. 29 C.F.R. § 825.216 (a)(1).

## TWELFTH DEFENSE

Plaintiff's claims are barred because under 29 C.F.R. § 825.302(d), "[a]n employer may also require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave."

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on such affirmative and other defenses as might become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer and otherwise supplement the aforementioned defenses as necessary.

WHEREFORE, having answered Plaintiff's Complaint and asserted its defenses thereto, Defendant prays that Plaintiff's Complaint be dismissed in its entirety, that judgment be entered in favor of Defendant and against Plaintiff, that Defendant recovers its costs and reasonable attorneys' fees incurred in this matter, together with such other and further relief as the Court may deem just and proper.

Respectfully submitted this 13th day of January, 2021.

> */s/ Luke P. Donohue*
> Gregory J. Hare
> GA Bar No. 326020
> Luke P. Donohue
> GA Bar No. 193361
> Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
> One Ninety One Peachtree Tower

191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone:   404-881-1300
Facsimile:   404-870-1732
greg.hare@ogletree.com
luke.donohue@ogletree.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANTHONY BUCHANAN,<br>            Plaintiff,<br><br>v.<br><br>PCC AIRFOILS, LLC,<br>            Defendant. | CIVIL ACTION<br>NO. 1:20-cv-04108-TCB-CCB |

## CERTIFICATE OF SERVICE

I certify that on January 13, 2021, I electronically filed **DEFENDANT PCC AIRFOILS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Nikeisha A. Bradley
Adian Miller
Barrett & Farahany
1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Nikki@justiceatwork.com
Adian@justiceatwork.com

*s/Luke P. Donohue*
Luke P. Donohue
GA Bar No. 193361
Attorney for Defendant